ARCHBOLD GIGER CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15070.    Promulgated June 13, 1929.

*William Surosky, Esq.*, and *Andrew C. Frommelt, C. P. A.*, for the petitioner.
*Otis J. Tall, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner claims that in computing its net income for the year 1921 it is entitled to deduct the amount of $20,000 as salaries to Archbold and Giger. The respondent has allowed as a deduction $10,000 of the salaries claimed, but denies that the additional salaries of $10,000 were authorized or paid in the year 1921, or that they were reasonable in amount.

W. H. Giger testified that he and Archbold were the only persons really interested in the petitioner; that the board of directors, of which he and Archbold were members, usually held informal instead of formal meetings, and that some time during the year 1921 at one of these informal meetings additional salaries of $10,000—$5,000, each, were authorized for him and Archbold and that he was unaware of any reason for not entering them in the books until 1923. He admitted that the additional salaries were not drawn by him and Archbold because "we never could see our way clear to take the money out." L. B. Meyer, who was secretary of the petitioner during the year 1921, testified that he attended the meetings of the directors; that he was familiar with whatever action was taken by them with regard to salaries, and that he did not recall that any additional salaries were authorized for Giger and Archbold.

The testimony is conflicting as to whether there ever was in fact any authorization of additional salaries for Giger and Archbold in the year 1921. The evidence is clear, however, that the additional salaries in question were not entered on the petitioner's books until the year 1923, and that they were in fact never drawn. Furthermore, the record is silent as to whether the petitioner's books were kept on the accrual or cash receipts and disbursements basis.

The respondent denies that he erred in computing the petitioner's income for the year 1920 and the evidence is insufficient to support the allegations of the petition.

On the record we must affirm the determination of the respondent.

*Judgment will be entered for the respondent.*